MELINDA HAAG (CABN 132612)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: kevin.barry@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONALD BORIS ARCHER, ) <br> ) <br>    Defendant. ) <br> _____ ) | No. CR 10-0339 CRB <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Date:   September 29, 2010 <br> Time:   2:15 a.m. <br> Hon. Charles R. Breyer |

## INTRODUCTION

The defendant, Ronald Boris Archer, stands before the Court to be sentenced following his guilty plea to Count One the Superseding Information filed in this case, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  The government has no objection to the Presentence Report, with the exception that the PSR recommends a mid-range Guidelines sentence, while the plea agreement contemplates a sentence at the low end of the range.

Based on the plea agreement and the calculations in the PSR, the government respectfully requests that the defendant be sentenced to a term of **46 months** of imprisonment, which is the low end of the Guidelines range for the defendant's offense level and Criminal History Category, followed by three years' supervised release, restitution of $1,000, and a $100 special assessment.

# THE DEFENDANT'S OFFENSE CONDUCT

On about April 12, 2010, the defendant robbed the Bank of America located at 2835 Geary Boulevard in San Francisco, California.  He handed the teller a envelope on which was written a demand for ten $100 bills, to be placed in the envelope.  The teller placed $1,000 in the envelope, after which the defendant took the envelope and walked out of the bank.  At the time of the robbery, the deposits of the Bank of America were FDIC insured.

# SENTENCING GUIDELINES CALCULATION

The Sentencing Guidelines calculation for the defendant's bank robbery conviction is set forth below:

| | | | |
|---|---|---|---|
| a. | Base Offense Level: (U.S.S.G. § 2B3.1(a)) | | 20 |
| b. | Specific Offense Characteristics (U.S.S.G. § 2B3.1(b)(1)) (Property of a financial institution taken) | | +2 |
| c. | Acceptance of responsibility: (U.S.S.G. § 3E1.1(a),(b)) | | -3 |
| | Adjusted Offense Level: | | <u>19</u> |

The government moves for a -1 point deduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b), as the defendant's speedy plea enabled the parties and the Court to preserve their resources by avoiding the need to prepare for trial.  This deduction is reflected in the calculation above.

The government agrees with United States Probation's calculation of the defendant's Criminal History Category as IV.  This results in a Guidelines range of <u>46-57</u> months.

The defendant and the government have agreed upon a sentence at the low end of the Guidelines range for the defendant's bank robbery offense:  46 months' imprisonment, 3 years of supervised release (with conditions to be fixed by the Court), a $100 special assessment, and restitution to Bank of America in an amount of $1,000.

///

UNITED STATES' SENTENCING MEMORANDUM
CR 10-0339 CRB

**SECTION 3553(a) FACTORS**

Although the defendant has an extensive criminal history, a number of sentencing factors indicate that a sentence at the low end of the Guidelines is appropriate in this case. First, the defendant's previous convictions are for crimes of less severity than bank robbery, although the history of battery, particularly with women as victims, is troubling. In terms of his priors for theft, in the past, the defendant has engaged in petty theft and forgery; this case represents his first foray into the categorically more dangerous realm of bank robbery. However, there is an undercurrent of violence with some of the defendant's prior convictions, and the current bank robbery can be seen as a part of an escalating level of criminality. For that reason, a term of 46 months is appropriate to protect the public.

At the same time, however, the Presentence Report indicates that the defendant has yet to be sentenced to a term of greater than 90 days. (PSR ¶¶ 33-45.) Where the prior, rather brief stints in custody and on state probation failed to deter the defendant from engaging in further criminal conduct, a 46 month term is more likely to have a deterrent effect. Therefore, it is likely to be sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The fact that the defendant will be serving his term of custody and supervised release within the federal system also increases the chance that he will be able to avail himself of the various programs for inmates and those under supervision. The hope is that the defendant can change the self-destructive path on which he has found himself and instead, will channel his abilities into avenues that will benefit not only himself, but others as well.

///

UNITED STATES' SENTENCING MEMORANDUM
CR 10-0339 CRB

**CONCLUSION**

For the reasons stated above, the government respectfully requests that the defendant, Ronald Boris Archer, be sentenced to the low end of the Guidelines range for his bank robbery offense: 46 months, together with three years of supervised release, a $100 special assessment, and restitution to Bank of America in the amount of $1,000.

Dated: September 15, 2010                    Respectfully submitted,

                                                                  MELINDA HAAG
                                                                  United States Attorney


                                                                              /s/
                                                                  KEVIN J. BARRY
                                                                Assistant United States Attorney