BARRY J. PORTMAN
Federal Public Defender
RITA BOSWORTH
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant ARCHER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 10-399 CRB |
|---|---|---|
| v. | ) ) ) ) ) | DEFENDANT'S MEMORANDUM IN AID OF SENTENCING |
| RONALD ARCHER | ) ) | |
| Defendant. | ) ) | **Hearing Date**: September 29, 2010, at 2:15 p.m. |

**INTRODUCTION**

Ronald Archer appears before this Court to be sentenced on his conviction for bank robbery. Mr. Archer submits that he should receive the sentence agreed upon by the parties of 46 months. Such a sentence is consistent with the applicable guideline range and it is sufficient but not greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

## PROCEDURAL BACKGROUND

On May 18, 2010, Mr. Archer was charged with bank robbery, in violation of 18 U.S.C. § 2113(a). On July 6, 2010, a superseding information was filed charging Mr. Archer with three counts of bank robbery. Mr. Archer entered into a written plea agreement with the government, pursuant to Rule 11(c)(1)(C), on July 7, 2010, where he admitted guilt to one charge. It is uncontested that his Base Offense Level is 19 and that he is in Criminal History Category IV, giving him a guideline range of 46-57 months. The parties have agreed that a sentence of 46 months is appropriate. Mr. Archer is scheduled to be sentenced on September 29, 2010, at 2:15 p.m.

## FACTUAL BACKGROUND AND HISTORY

Mr. Archer grew up in an incredibly strict household with a stepfather who regularly beat him with a leather belt or switch all the way through high school. PSR ¶ 60. The upside of having such a disciplined childhood was that Mr. Archer successfully graduated from high school and college, eventually earning his teaching credential. One downside of his abusive childhood, however, is that Mr. Archer developed a sense of mistrust of authority and became unafraid of punishment. *Id.* This attitude, he believes, largely contributed to his numerous criminal convictions. In addition, though Mr. Archer received a good education and has admirable work experience, he lost his job in 2008 and developed depression. *Id.* ¶ 66. He began using drugs to cope with his depression, which led him to a difficult spot both emotionally and financially. He committed the instant bank robbery without any weapon or threatening words, and he asked for only $1000 because that was how much he needed to pay his rent and his bills. *Id.* ¶ 4. He knows that this was a serious error in judgment, and he is mindful that he needs to break his drug addiction and take responsibility for his actions.

## DISCUSSION

**I. A SENTENCE OF 46 MONTHS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO SATISFY ALL THE GOALS OF SENTENCING**

The sentence that Mr. Archer is requesting is within the range recommended by the United States Sentencing Guidelines. The Sentencing Guidelines in this case accurately calculate

the appropriate sentence of 46 months for Mr. Archer, and the factors enumerated in § 3553(a) further support the reasonableness of such a sentence.

### A. The Nature and Circumstances of the Offense Warrant a Sentence of 46 Months

Mr. Archer stands before the Court today convicted of bank robbery, which is a very serious offense. Mr. Archer has accepted responsibility for his actions and knows that he must spend time in jail for his actions. However, the circumstances of this offense are such that a sentence any higher than 46 months would be unreasonable. First, Mr. Archer did not have a weapon during the robbery. Second, he did not make any violent threats at any time over the course of the robbery. Third, the amount of money he took was $1,000. Finally, nobody was physically harmed as a result of Mr. Archer's actions. The nature and circumstances of this offense warrant a lengthy but fair sentence of 46 months.

### B. Mr. Archer's History and Character Warrant a Sentence of 46 Months

Mr. Archer never knew his father; he grew up with his mother and stepfather. While his stepfather was a good provider for the family, he was also a strict disciplinarian. Mr. Archer remembers being regularly beaten with a leather belt or switch all the way through high school. He recounts that this abuse let him to develop a sense of fearlessness when it came to punishment because he knew he would be able to survive. Upon reflection, he believes this fearlessness may have contributed to his altercations with the law.

Mr. Archer does have a criminal history, and, as such, the sentencing guidelines correctly assign him a much higher sentencing range than someone without any criminal history. Because the guidelines fully take his criminal history into account, a sentence within the recommended range is reasonable. A sentence at the low end of that range is appropriate because Mr. Archer demonstrated swift acceptance of responsibility, he did not file any motions in this case, and he has been candid about his criminal behavior.

A sentence at the low end is also appropriate because Mr. Archer has proven that he has the potential to succeed outside of prison. Mr. Archer holds a college degree and has been steadily employed at numerous non-profit organizations. PSR ¶¶ 68-72. Prior to being taken into custody, Mr. Archer maintained his own apartment and paid for his own expenses.

**C.     Both the Government and Mr. Archer Agree that at Sentence of 46 Months is Reasonable**

The government and Mr. Archer both agree on a sentence of 46 months. The parties took into consideration Mr. Archer's criminal history, the nature of the instant offense, and Mr. Archer's history and characteristics. It is important to remember that Mr. Archer's sentence will not be over when he gets out of prison. He will be on supervised release for 3 years, he will owe a $100 special assessment and he will be liable for the full restitution amount in this case. He will be under the close watch of the probation office and the Court when he gets out, and he will know that one wrong step could land him back in jail.

**CONCLUSION**

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Archer asks the Court to sentence him to a period of incarceration of 46 months. Such a sentence would not only be consistent with the Guidelines but would also be in line with the factors enumerated in section 3553(a).

Respectfully submitted,

BARRY PORTMAN
Federal Public Defender

/s/

_____

RITA BOSWORTH
Assistant Federal Public Defender

DATED: 9/21/10

*U.S. v. Archer*, CR 10-399 CRB
DEF'S. MEM. IN AID OF SENT.